20-3749-cv
*Salerno v. City of Niagara Falls*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand twenty-one.

PRESENT:     JOSÉ A. CABRANES,
            ROSEMARY S. POOLER,
            JOSEPH F. BIANCO,
                    *Circuit Judges.*

_____

DOLLY SALERNO, individually and on behalf of all others similarly situated, DIANE AMANTIA, individually and on behalf of all others similarly situated,

          *Plaintiffs-Appellants*,                    20-3749-cv

ROBERT SALERNO, individually and on behalf of all others similarly situated,

          *Plaintiff*,

          v.

CITY OF NIAGARA FALLS, NIAGARA FALLS WATER BOARD, GLENN SPRINGS HOLDINGS, INC., GHD SERVICES, INC., individually and as successor in interest to Conestoga Rovers & Associates, MILLER SPRINGS REMEDIATION MANAGEMENT, INC., SEVENSON ENVIRONMENTAL SERVICES, INC., DAVID GROSS CONTRACTING CORP., NRC NY ENVIRONMENTAL SERVICES, INC., individually and as successor in interest to OP-Tech Environmental

1

Services, ROY'S PLUMBING, INC., SCOTT LAWN YARD, INC., OCCIDENTAL CHEMICAL CORPORATION, individually and as successor in interest to Hooker Chemical and Plastics Corporation,

*Defendants-Appellees*,

GROSS PHC LLC, individually and as successor in interest to David Gross Contracting Corp and/or Gross Plumbing and Heating Co., Inc., GROSS PLUMBING AND HEATING CO., INC., OCCIDENTAL PETROLEUM CORPORATION, individually and as successor in interest to Hooker Chemical and Plastics Corporation,

*Defendants.**

---

| | |
|---|---|
| **FOR PLAINTIFFS-APPELLANTS:** | LILIA FACTOR (Paul J. Napoli and Louise Caro, *on the brief*), Napoli Shkolnik PLLC, Melville, NY. |
| **FOR DEFENDANTS-APPELLEES:** | KEVIN M. HOGAN (Joel Blanchet, Andrew P. Devine, Joshua Glasgow, *on the brief*), Philips Lytle LLP, Buffalo, NY, (Sheila L. Birnbaum, Douglas E. Fleming III, Lincoln Davis Wilson, Dechert LLP, New York, NY, *on the brief*), *for Occidental Chemical Corporation, Glenn Springs Holdings, Inc., and Miller Springs Remediation Management, Inc.* |
| | JEFFREY F. BAASE, (Cory J. Weber *on the brief*), Rupp Baase Pfalzgraf Cunningham LLC, Buffalo, NY, *for Niagara Falls Water Board.* |
| | JEFFREY C. STRAVINO, Hodgson Russ LLP, Buffalo, NY, *for GHD Services, Inc., individually and as successor in interest to Conestoga Rovers & Associates.* |

---

\* The Clerk of the Court is directed to amend the caption as set forth above.

2

ALICE J. CUNNINGHAM, The Knoer
Group, PLLC, Buffalo, NY, *for Roy's
Plumbing, Inc.*

Jeffrey D. Schulman, Pillinger Miller
Tarallo LLP, Syracuse, NY, *for NRC NY
Environmental Services, Inc., individually and as
successor in interest to OP-Tech Environmental
Services.*

Brian Sutter, Sugarman Law Firm, LLP,
Buffalo, NY, *for Scott Lawn Yard, Inc.*

Agnieszka Wilewicz, Hurwitz & Fine,
P.C., Buffalo, NY, *for Sevenson
Environmental Services, Inc.*

Mark P. Della Posta, Walsh Roberts &
Grace LLP, Buffalo, NY, *for City of
Niagara Falls.*

Appeal from an order and judgment of the United States District Court for the Western District of New York (William K. Sessions III, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiffs allege that they were injured by toxic chemicals that migrated to their property from the Love Canal Site.[1] Specifically, Dolly Salerno alleges adverse health symptoms, increased cancer risk, and diminished property value, and Diane Amantia alleges increased cancer risk, diminished property value, and loss of the companionship of her husband, who died of a fast-growing brain tumor. The District Court (Sessions, *Judge*) granted Defendants' motion to dismiss, finding that Plaintiffs' state common law claims were preempted by the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), and that Plaintiffs failed to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of a motion to dismiss for failure to state a claim on which relief can be granted, "accepting all factual allegations in the complaint as true and drawing all

---

[1] For background on the Love Canal Site, see *United States v. Hooker Chems. & Plastics Corp.*, 850 F. Supp. 993 (W.D.N.Y. 1994).

reasonable inferences in favor of the plaintiff." *Caro v. Weintraub*, 618 F.3d 94, 97 (2d Cir. 2010). We may consider documents "attached to the complaint" or "incorporated into [it] by reference," *ATSI Comm'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007), and "where a conclusory allegation in the complaint is contradicted by a document attached to the complaint, the document controls and the allegation is not accepted as true," *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 147 (2d Cir. 2011) (per curiam). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Dividing Plaintiffs' allegations into two categories, we find that neither makes out a plausible claim for relief. First, Plaintiffs allege that Defendants failed to adequately remediate, monitor, and maintain the Love Canal Site. These claims are "conclusory,"[2] and they are "contradicted by . . . document[s] attached to the complaint," *Amidax*, 671 F.3d at 147—namely, multiple EPA reports indicating that Love Canal contamination is adequately controlled and no further remedial action is needed, *see, e.g.*, 69 Fed. Reg. 12,608, 12,611 (2004) ("EPA . . . has determined that all appropriate response actions . . . have been implemented at the Site . . . ."). As a result, "the document[s] control[ ] and the allegation is not accepted as true." *Amidax*, 671 F.3d at 147; *see also Bartlett v. Honeywell Int'l Inc.*, 737 F. App'x 543, 550–51 (2d Cir. 2018) (summary order) (reaching a similar conclusion). The 2011 release within the Colvin Boulevard sanitary sewer does not change the outcome, as the EPA concluded that this release "was not the result of recent migration from the [Love Canal] Site nor was it the result of a failure of the containment remedy." App'x 3484.

Second, Plaintiffs allege that Defendants engaged in specific misconduct, including dumping toxic waste, leaving inactive sewer channels in place, installing bypass pumps that vaporized or vented toxins into the air, and authorizing or using a toxin-disbursing jetting device to clean roads and sewers. Plaintiffs fail to adequately link this misconduct to their alleged injuries. For example, Plaintiffs do not allege the location of the inactive sewer channels, bypass pumps, or jetting with respect to their properties. Further, while Plaintiffs allege that some of the pollutants at their properties were found at levels exceeding health and safety standards, they do not specify which ones or explain how these chemicals caused their alleged injuries. Thus, Plaintiffs' alleged facts are "merely consistent with" their claim, and "stop[] short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

---

[2] *See, e.g.*, App'x 2468 (the City of Niagara Falls failed "to properly maintain and operate the water and sewer facilities"), 2469 (the Niagara Falls Water Board failed "to adequately inspect the storm water and sewer facilities"), 2471 (alleging, by Occidental Chemical Corporation, "tortious conduct in connection with the initial remediation" and "ongoing maintenance, monitoring, and/or oversight").

We have reviewed all of the arguments raised by Plaintiffs on appeal and find in them no basis for reversal.[3] For the foregoing reasons, we **AFFIRM** the September 30, 2020 order and December 11, 2020 judgment of the District Court.[4]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] We emphasize that nothing in our holding today precludes Plaintiffs from presenting any information regarding pollutants on their property to federal and/or state regulatory authorities in an effort to have them determine whether any investigation or remediation is warranted.

[4] We need not reach the issue of whether Plaintiffs' claims are preempted.